MURDOCK, Justice
(concurring specially).
Paragraph (c) of the arbitration agreement between the parties contemplates a review of the merits of an arbitration decision by way of the circuit court’s de novo review of the arbitration award based on the transcript of the arbitration proceeding. In accordance with that provision of the arbitration agreement, the main opinion reverses the trial court’s judgment, reasoning that the trial court wrongly vacated the arbitration award based on paragraph (c) without first conducting such a review.
I note that the trial court vacated the arbitration award on two grounds, however: on the merits, as contemplated by paragraph (c), and also on the ground of a procedural deficiency in the arbitration proceedings, namely a violation of the panel-composition requirements imposed by paragraph (a) of the arbitration agreement. Just as they argue on appeal that the trial court erred in vacating the arbitration award based on paragraph (c), Raymond James Financial Services, Inc. (“RJFS”), and Bernard Michaud argue *1171 that the trial court should not have vacated the arbitration award (and that we should not affirm the trial court’s vacatur of the arbitration award) based on this alternative, procedural ground. I agree with RJFS and Michaud that any procedural deficiency of the stated nature was waived by the plaintiff and therefore does not serve as an alternative basis for affirming the trial court’s vacatur of the arbitration award. Accordingly, I do not find it necessary for us to consider, and I do not read the main opinion as reaching, the issue of the appropriate course of action or “remedy” in the event a vacatur were appropriate on such a ground.